WILLIAM FRANKLIN SPENCER v. WACHOVIA BANK AND TRUST COMPANY, N. A.

No. 7521DC25

(Filed 21 May 1975)

Negligence § 29— injury in drive-in window drawer — negligence — contributory negligence

> In an action to recover for injuries sustained when plaintiff's hand was caught in a drawer at a drive-in window at defendant's bank,

Spencer v. Trust Co.

plaintiff's evidence was sufficient to be submitted to the jury on the issue of the negligence of defendant's employee in closing the drawer when she knew or should have known that plaintiff's hand was in the drawer and did not disclose that plaintiff was contributorily negligent as a matter of law.

APPEAL by plaintiff from *Leonard, Judge.* Judgment entered 20 September 1974 in District Court, FORSYTH County. Heard in the Court of Appeals 18 March 1975.

The action is to collect damages for injuries allegedly received when plaintiff's hand was caught in a drawer at a drive-in window at defendant's bank.

Defendant's motion for a directed verdict was allowed at the close of plaintiff's evidence.

*David H. Wagner and Curtiss Todd, for plaintiff appellant.*

*John E. Hodge, Jr., for defendant appellee.*

VAUGHN, Judge.

The credibility of plaintiff's evidence is a matter for resolution by the jury and not by the trial judge or this court. When the evidence is considered in the light most favorable to plaintiff it would permit, but by no means require, a finding that plaintiff suffered some injury because of the negligence of defendant's employee in closing the drawer when she knew or should have known that plaintiff's hand was in the drawer. Plaintiff's evidence does not compel a finding of contributory negligence as a matter of law. This, too, is a question for the jury.

The judgment from which plaintiff appealed is reversed and the case is remanded.

Reversed and remanded.

Judges MORRIS and CLARK concur.